(C. D. 387)

PACIFIC CUSTOMS BROKERAGE CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 22, 1940)

*Strauss & Hedges; Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*John J. McDermott,* special attorney), for the defendant.

Before BROWN and WALKER, Judges

WALKER, Judge: This is a suit brought against the United States at the port of Portland, Me., for the recovery of money claimed to have been illegally exacted as customs duties. The merchandise involved consists of rough sawed birch sticks on which the collector of customs assessed duty at the rate of 10 per centum ad valorem under the provision in paragraph 406 of the Tariff Act of 1930 for "all like blocks or sticks, roughhewn, or rough shaped, sawed or bored." Plaintiff makes alternative claims: (1) that the merchandise is entitled to free entry under the provisions of paragraph 1806 of the same act which read as follows:

> Woods: Sticks of partridge, hair wood, pimento, orange, myrtle, bamboo, rattan, india malacca joints, and other woods not specially provided for, in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes.

or (2) that it is free of duty under paragraph 1803 of the same act as "sawed lumber" and subject to duty at the rate of $1.50 per thousand feet, board measure, under the provisions of section 601 (c) (6) of the Revenue Act of 1932 as amended by the Canadian Trade Agreement reported in T. D. 48033.

The evidence consists of the testimony of two men engaged in the wholesale lumber business, one of them the importer of the shipment

in question. The merchandise in question is of various dimensions from 1″ x 2⅜″ x 38″ to 1″ x 1″ x 14″. It is made, according to one of the witnesses—

—from the slabs of a log. The log is round and they take off the slab before they can get to the lumber. That is then simply sawed to a smaller dimension, * * *,

and it appears that in ordering such stock it is not cut to specifications but the mill is given a run in lengths and sizes to avoid waste and cutting out of knots.

The complete text of paragraph 406, under which classification was made, is as follows:

Hubs for wheels, heading bolts, stave bolts, last blocks, wagon blocks, oar blocks, heading blocks, and all like blocks or sticks, roughhewn, or rough shaped, sawed or bored, 10 per centum ad valorem.

Illustrative exhibits of a wheel hub, a last block, and a bowling pin block were received in evidence over the objection of counsel for the Government, and one of the witnesses, after stating that he was familiar with heading bolts, stave bolts, last blocks, wagon blocks, oar blocks, and heading blocks, testified that they were larger pieces of material than the sticks in issue and were further manufactured than such sticks.

We are satisfied that the collector's classification of the merchandise under paragraph 406 was incorrect since that paragraph manifestly covers blocks or sticks cut to particular shapes and dedicated to specific uses. The sticks at bar are cut in random widths and lengths and have a great many uses in the manufacture of furniture, and are not dedicated to any specific use.

Turning, therefore, to an examination of the claims made by the plaintiff, we find that paragraph 1806 provides for sticks of certain woods "and other woods," first, when such sticks are in the rough. The sticks at bar are not in the rough—they have been sawed. The paragraph further provides for such sticks when "not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes." There is no evidence that the length in which the sticks in issue are cut are suitable for the articles mentioned and a mere examination of the sample satisfies us that the sticks are not suitable for such use.

Further, as demonstrating the inapplicability of paragraph 1806 to the sticks at bar, it may be pointed out that that paragraph appears to cover only sticks suitable for manufacture into the articles named. The birch sticks in issue when manufacture is complete are only parts of other articles, such as chair rungs, braces, etc., used in the manufacture of furniture.

Funk & Wagnalls New Standard Dictionary defines lumber as "Timber sawed into merchantable form" and this seems aptly to describe the sticks before us. The claim under paragraph 1803 of the Tariff Act of 1930 and section 601 (c) (6) of the Revenue Act of 1932 is therefore sustained, and judgment will issue accordingly.