**No. 46467.**—Protest 927073–G of Carl Hirschmann (St. Louis).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of Abstract 43642 the protest was sustained.

**No. 46468.**—Protest 54564–K of Greenberg & Josefsberg (New York).

Opinion by WALKER, J. It was stipulated that the merchandise consists of clothes and hat brushes similar to those the subject of *United States* v. *Heinrich Herrmann & Weiss* (26 C. C. P. A. 292, C. A. D. 30). The claim at 50 percent under paragraph 1506 was therefore sustained.

**No. 46469.**—Protest 33481–K of Ignaz Strauss & Co. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of Abstract 41606 the iron pictures in question were held dutiable at 45 percent under paragraph 397 as claimed.

**No. 46470.**—Protest 34267–K of Pacific Customs Brokerage Co. (Portland, Me.).

Opinion by WALKER, J. The proprietor of the actual importing concern testified that the sizes, type, quality, and use of the material here involved were the same as that the subject of *Pacific Customs Brokerage Co.* v. *United States* (5 Cust. Ct. 146, C. D. 387), and that it can be used for various purposes, such as slats, seats, rungs, etc., of chairs. From the testimony it was apparent that the merchandise consists of birch lumber in small sizes for use in the manufacture of chairs but not, in the condition as imported, dedicated to any particular use. On the record presented the merchandise was held entitled to free entry under paragraph 1803 but held subject to tax under the provisions of section 601 (c) (6), Revenue Act of 1932, as amended, as claimed.

**No. 46471.**—Protest 62882–K of S & M Segerman (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Brachman* v. *United States* (5 Cust. Ct. 153, C. D. 389) the claim for free entry under paragraph 1681 was sustained.

**No. 46472.**—Protest 36440–K of Melchers, Inc. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Brachman* v. *United States* (5 Cust. Ct. 153, C. D. 389) the claim for free entry under paragraph 1681 was sustained.